## Waters-Clark Lumber Company, Defendant in Error, v. Grus Lumber Company, Plaintiff in Error.

### Gen. No. 18,254.

1. Sales—*switching charges.* In an action to recover a balance due for lumber, where defendant telephoned the order to plaintiff's agent who made out an order in which he specified the lumber was to be shipped at regular terms, defendant is entitled to a set-off for switching charges where the evidence shows it was customary in previous dealings for plaintiff to deliver the material.

2. Sales—*storage charges pending settlement of controversy.* Where defendant has purchased lumber from plaintiff, and a dispute arises, defendant who keeps the lumber pending the controversy is not entitled to set-off storage charges.

3. Sales—*handling lumber for inspection.* Where defendant has purchased lumber from plaintiff, and a dispute arises as to whether it conforms to the grade ordered, defendant is not entitled to a set-off for handling the lumber when it is inspected.

Waters-Clark Lumber Co. v. Grus Lumber Co., 180 Ill. App. 327.

Error to the Municipal Court of Chicago; the Hon. CHARLES E. JENNINGS, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1912.  Reversed with judgment on appeal. Opinion filed May 9, 1913.

LOUIS W. MACK, for plaintiff in error.

ALBERT H. FRY, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The Waters-Clark Lumber Company, a corporation, defendant in error, brought suit against the Grus Lumber Company to recover a balance of a bill for lumber sold in January, 1911, to the Grus Lumber Company.  The defendant in error filed its statement of claim, showing a balance due it from the Grus Lumber Company of $70.23, after deducting all just credits.  The plaintiff in error filed its affidavit of merits, admitting the indebtedness, and filed a set-off against the claim as follows:  For switching charges, $13.75; for storage charges, $10; for labor in handling the lumber, $5, amounting in all to $28.75. The case was tried before the court without a jury and there was a finding and judgment in favor of the plaintiff for $70.23.

On the trial no question was raised about the lumber, nor was there any question about the prices.  The entire controversy turned upon the set-off claimed by the defendant, plaintiff in error.

The order for the lumber was telephoned to the agent of the Waters-Clark Lumber Company in Chicago.  The agent made out an order to the Waters-Clark Lumber Company dated February 15, 1911, in which he specified that the lumber was to be shipped to the Grus Lumber Company, Edgewater, Illinois, at regular terms, care of C. M. & St. P. Ry. Co.  It appears that the yards of the Grus Lumber Company are on a public switch-track of the C. M. & St. P. Ry. Co. at its station called Edgewater, which is in the

northern part of the city of Chicago. The lumber came into Chicago on the Chicago & Northwestern Railway, and was switched to Edgewater by the C. M. & St. P. Ry. Co. The switching charges were $13.75, which the defendant, plaintiff in error, paid. This is one of the items of set-off, and the question is whether the plaintiff in error or the defendant in error should pay this charge. The order specifies Edgewater as the point of shipment. The custom during previous dealings between the same parties was to deliver the material to the plaintiff in error at Edgewater. In our opinion, the defendant in error should pay this charge.

There was a controversy over the quality of the lumber when it arrived at plaintiff in error's yard in Edgewater. It was found that a part of the lumber did not meet the requirements of the order. Pending the settlement of this controversy, the lumber remained in plaintiff in error's yard about three months. This is the basis of the storage charge of $10. There is evidence in the record that it was customary, where there was a dispute with reference to lumber among lumbermen, that the settlement arrived at would be considered a complete settlement, and that no charges for storage and other expense should be added. In our opinion, the plaintiff in error is not entitled to an allowance for this charge. We are of the opinion that the charge of $5 for handling the lumber at the time that an inspector visited the yard of the plaintiff in error to inspect the lumber and determine whether it conformed to the grade of lumber ordered, should not be allowed to the plaintiff in error upon the evidence in the case.

The judgment is, therefore, reversed and judgment will be entered here for $56.48 in favor of the Waters-Clark Lumber Company, defendant in error, and against the Grus Lumber Company, plaintiff in error, upon a finding of fact, each party to pay its own costs.

*Reversed and judgment here.*